IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARNITA L. MCGRUDER | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action |
| | ) | No. 03-441C (Judge Allegra) |
| THE UNITED STATES | ) | |
| Defendant, | ) | |

PLAINTIFF'S UNOPPOSED MOTION TO SUSPEND THE REQUIREMENT TO FILE A FINAL STATUS REPORT, OR IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO FILE STATUS REPORT

Plaintiff-McGruder moves unopposed to suspend filing a status report due today, October 19, or in the alternative, moves unopposed for a 16-day extension of time to November 4, to file a status report. Counsel contacted opposing counsel and defendant does not oppose the suspension or extension of time.

Undersigned counsel in late September sent a letter by overnight delivery to the Army BCMR requesting a status report pursuant to this Court standing order. Ex. A (counsel's letter to BCMR, dated September 28, 2005). After 12 days, undersigned counsel received no response. He contacted opposing counsel, Thomas D. Dinackus, to seek agency counsel's assistance. The defendant was also was unsuccessful in obtaining any case status from the agency.

This BCMR application was filed for reconsideration before the Army BCMR in mid-February 2005, or about 10 months ago. The Army BCMR voice message (703 607-1600) states that it will no longer provide case status updates to applicants by telephone. The reason given is insufficient personnel resources as the Board processes over 10,000 cases annually, and now within a 10-month statutory deadline. See also 10 U.S.C. § 1557(under sliding scale beginning 2001, Board by 2005 must adjudicate 70% of cases in 10 months; Congressional

reports required). Counsel's personal experience over the past years is that the Board generally meets this goal, or at least does not exceed an additional three to five weeks.[1] Counsel believes that Board adjudication is either imminent, or is scheduled as a 'next in-line' for a Board date. Perhaps this is the reason why no reply was provided to counsel's request for a status report. McGruder, moves to continue the stay, suspend the requirement to a file an interim status report, and to file in lieu a report or motion under RCFC 56.2(b)(2), or (3).

However, if the Court requires further inquiry on the BCMR case status, McGruder requests a 16 day extension of time to November 4. This will allow the parties' counsels the opportunity to explore additional ways to obtain a status.

WHEREFORE, McGruder respectfully requests the Court grant her unopposed motion to continue the stay but suspend filing a status report in lieu of a RCFC 56.2(b) pleading. Or in the alternative, grant her unopposed request for a 16 day extension of time to November 4, to file a status report.

October 19, 2005

Respectfully submitted

s/ John A. Wickham
Counsel for McGruder
32975 Saint Moritz Drive
Evergreen CO 80439-6720
303 670-3825

---

[1] In the past several years counsel has filed over ten Army BCMR applications for other current or former service-members. Counsel's personal experience is that the Board is meeting the 10 month deadline, or up to 5 weeks thereafter. In fact, where an applicant cannot file a reply brief to Army staff advisory opinions within 30 days, the Board requires applicants to withdraw their case and to re-file later when ready.